```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO


 UNITED STATES OF AMERICA

       Plaintiff

            v.                      CIVIL NO. 20-382 (RAM)

 JOSE LUIS SALAZAR-GUERRA [16],
 et al.

       Defendants
```

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Jose Luis Salazar-Guerra's ("Defendant" or "Salazar-Guerra") *Motion to Dismiss Count One of the Indictment as it Violates Article III of the US Constitution and Salazar's Sixth Amendment Right to a Jury Trial* ("*Motion to Dismiss*"). (Docket No. 457). Therein, Salazar-Guerra alleges that the Maritime Drug Law Enforcement Act ("MDLEA" or the "Act") violates Article III of the United States Constitution and Salazar-Guerra's Sixth Amendment Right "by giving dispositive weight to the executive branch's assertion that jurisdiction exists." Id. at 3.

The MDLEA makes it unlawful for any individual while onboard a covered vessel to "knowingly or intentionally … manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance[,]" and applies "even though the act is committed outside the territorial jurisdiction of the United

States." 46 U.S.C. § 70503(a)(1)-(b). For the vessel to be subject to the jurisdiction of the United States, the Act requires the "[c]onsent or waiver of objection by a foreign nation to the enforcement of the United States" which "may be obtained by radio, telephone, or similar [means]; **and is proved conclusively by certification of the Secretary of State of the Secretary's designee**." Id. § 70502(c)(2) (emphasis added).

Salazar-Guerra takes issue with the fact that under the MDLEA, a Secretary of State's certification is considered conclusive proof that a foreign nation has consented to prosecution by the United States and argues that this: (1) deprives the district court of the power to determine if jurisdictional requirements have been met; and (2) bars defendants from challenging the factual underpinnings and representations of said certification. (Docket No. 457 at 2-3; 5-6. Salazar-Guerra does *not* raise any challenges to the Department of State certification in this case asserting that the Government of Venezuela waived its right to exercise jurisdiction. Instead, Defendant contests the fact that he *cannot raise such challenges*. Id. Salazar-Guerra candidly admits he has not been able to identify case law in support of his argument. Id. at 5.

For the following reasons, Defendant's request is **DENIED**. First, as asserted by the Government in its *Response to Defendant's Motion to Dismiss Count One of the Indictment*, the MDLEA does not

limit the Court's ability from examining whether jurisdiction exists. (Docket No. 532 at 4). In fact, the Act explicitly provides "[j]urisdiction of the United States with respect to a vessel subject to this chapter is not an element of an offense. **Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge**." 46 U.S.C. § 70504 (a) (emphasis added). *See, e.g.* United States v. Matos-Luchi, 627 F.3d 1, 5 (1st Cir. 2010).

Second, the validity of a certification by the Secretary of State under § 70502(c)(2) *can* be challenged, simply not by a defendant. "The legitimacy of a flag nation's consent is therefore a question of international law that **can be raised only by the foreign nation**." United States v. Bustos-Useche, 273 F.3d 622, 627 (5th Cir. 2001). (citing S. REP. NO. 99-530, at 16 (1986), reprinted in 1986 U.S.C.C.A.N. 5986, 6001) ("In the view of the Committee, only the flag nation of a vessel should have a right to question whether the Coast Guard has boarded that vessel with the required consent. The international law of jurisdiction is an issue between sovereign nations. Drug smuggling is universally recognized criminal behavior, and defendants should not be allowed to inject these collateral issues into their trials."). *See also* United States v. Cardales-Luna, 632 F.3d 731, 737 (1st Cir. 2011) (quoting Bustos-Useche); Matos-Luchi, 627 F.3d at 4 (explaining that under the MDLEA "a defendant ha[s] no standing to claim that

enforcement violated 'international law'–reserving such objections only to foreign nations.").

In the case at bar, the Court is not deprived of the ability to make determinations regarding jurisdictional issues. But only Venezuela, **and not Defendant**, has standing to challenge the applicable certification. Accordingly, Defendant's *Motion to Dismiss* at Docket No. 457 is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of December 2021.

S/RAÚL M. ARIAS-MARXUACH_____
UNITED STATES DISTRICT JUDGE