IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff**<br><br>v.<br><br>JOSE LUIS SALAZAR-GUERRA [16], et al.<br><br>**Defendants** | **CIVIL NO. 20-382** (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Defendant Jose Luis Salazar-Guerra's ("Defendant" or "Salazar-Guerra") *Supplementary Motion in Support of Dismissal* (the "*Motion*"). (Docket No. 617). Salazar-Guerra contends that in light of the recent First Circuit decision in US v. Davila-Reyes, 23 F.4th 153 (1st Cir. 2022), the Department of State Certification authorizing the United States to exercise jurisdiction does not comply with the verification requirements of the Maritime Drug Law Enforcement Act ("MDLEA" or the "Act"). Id. at 2. Defendant's request is **DENIED** for the following reasons.

The MDLEA makes it unlawful for any individual while onboard a covered vessel to "knowingly or intentionally … manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance[,]" and applies "even though the act is committed outside the territorial jurisdiction of the United

Case 3:20-cr-00382-RAM   Document 674   Filed 06/17/22   Page 2 of 4

Crim. No. 20-382-16(RAM)                                                                2

States." 46 U.S.C. § 70503(a)(1)-(b). In its relevant part, the Act provides a vessel can be subject to the jurisdiction of the United States when it is a "vessel without nationality" or when the vessel is registered in a foreign nation but the "nation has consented or waived objection to the enforcement of the United States law by the United States." Id. § 70502(c)(1)(A) and (C). Such consent or waiver of objection by the foreign nation "may be obtained by radio, telephone, or similar oral and electronic means; **and is proved conclusively by certification of the Secretary of State of the Secretary's designee**." Id. § 70502(c)(2) (emphasis added).

In the case at bar, per the required Department of State Certification, the United States determined that the vessels are subject to U.S. jurisdiction because "on November 5, 2020, the Government of the Republic of Venezuela **waived its right to exercise jurisdiction and authorized** the Government of the United States to enforce its laws against the vessels, the crewmembers and their cargo." (Docket No. 649-1 at 2) (emphasis added).

Defendant highlights that in Davila-Reyes, the First Circuit repeatedly notes that the United States must seek verification of a vessel's claimed nationality from foreign governments. (Docket No. 617 at 10). Salazar-Guerra argues that although the United States recognizes Juan Guaidó as Interim President of Venezuela, he "does not meet the requirements of the MDLEA statute that the

foreign nation contacted and be in a position to accept, deny, or not be able to affirmatively and unequivocally assert the vessel is of its nationality." Id. ¶ 7. As this Court has previously held, the validity of a certification by the Secretary of State under § 70502(c)(2) *can* be challenged, but not by a defendant. "The legitimacy of a flag nation's consent is therefore a question of international law that **can be raised only by the foreign nation**." United States v. Bustos-Useche, 273 F.3d 622, 627 (5th Cir. 2001) (emphasis added) (citing S. REP. NO. 99-530, at 16 (1986), reprinted in 1986 U.S.C.C.A.N. 5986, 6001) ("In the view of the Committee, only the flag nation of a vessel should have a right to question whether the Coast Guard has boarded that vessel with the required consent. The international law of jurisdiction is an issue between sovereign nations. Drug smuggling is universally recognized criminal behavior, and defendants should not be allowed to inject these collateral issues into their trials."). *See also* United States v. Cardales-Luna, 632 F.3d 731, 737 (1st Cir. 2011) (quoting Bustos-Useche); Matos-Luchi, 627 F.3d at 4 (explaining that under the MDLEA "a defendant ha[s] no standing to claim that enforcement violated 'international law'- reserving such objections only to foreign nations.").

In Davila-Reyes, the First Circuit held that it was unconstitutional for 46 U.S.C. § 70502(d)(1)(C) of the MDLEA to conclude that a vessel is stateless and thus subject to the

jurisdiction of the United States, where "there is a claim of nationality recognized by international law but the identified country **neither confirms nor denies that claim.**" Davila-Reyes, 23 F.4th at 158 (emphasis added). This determination **does not affect** the validity of § 70502(c)(1)(C), which establishes that a vessel is subject to the jurisdiction of the United States when the foreign nation to which the vessel is registered "has **consented or waived objection to the enforcement of United States law by the United States**" in the matter specified by the Act. 46 U.S.C. § 70502(c)(1)(C) (emphasis added). Nor does it allow defendants to challenge the sufficiency of a foreign nation's verification, consent, or waiver that has been certified by the Department of State. In the absence of adequate supporting authorities to sustain Salazar-Guerra's argument for dismissal, Defendant's *Motion* at Docket No. 617 is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of June 2022.

S/RAÚL M. ARIAS-MARXUACH_____
UNITED STATES DISTRICT JUDGE